UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MILOS TORBICA,

    Plaintiff,

v.                                    CAUSE NO. 3:22-CV-20 DRL-MGG

HORIZON BANK,

    Defendant.

MEMORANDUM OF STATUS CONFERENCE,
ORDER CONCERNING PRETRIAL CONFERENCE AND TRIAL,
& STANDARD FINAL JURY INSTRUCTIONS

The court held a status conference on March 6, 2023 for the purpose of establishing final pretrial and trial dates. Benjamin Ellis appeared for the plaintiff, and Toni Everton appeared for the defendant. The parties are expected to comply in good faith with the entirety of this order.

Plaintiff was directed to prepare and file the proposed joint final pretrial order by October 16, 2023. The parties must exchange contentions, witnesses, and exhibit lists consistent with Fed. R. Civ. P. 26(a)(3), albeit pursuant to this order's timing rather than the timing of Fed. R. Civ. P. 26(a)(3)(B). The court set a final pretrial conference for October 30, 2023 at 1:30 p.m., and a 4-day jury trial to commence at 9:30 a.m. on November 14, 2023 in the Robert L. Miller, Jr. Courtroom in South Bend, Indiana.

FINAL PRETRIAL CONFERENCE & TRIAL

Consistent with Fed. R. Civ. P. 1 and 16, the court intends its following deadlines to establish an ordered exchange of information and facilitate a productive and efficient pretrial conference and trial. Because variance may hamper that effort, these deadlines will not be extended without good cause. In addition, the final pretrial order, once entered after the final pretrial conference, will not be modified except to prevent manifest injustice.

The court views the final pretrial conference as the first day of trial. At the pretrial conference, the court may discuss the following: (1) specific substance of witness testimony; (2) potential stipulations of fact; (3) issues to be tried and any issues that can be removed from the case; (4) elimination of unnecessary or cumulative witnesses and exhibits; (5) amount of time required for *voir dire*; (6) precise length of trial; (7) jury selection procedures; (8) rulings (if feasible) on motions *in limine* and objections to exhibits; and (9) all other matters to secure a just, speedy, and inexpensive trial or resolution of this action.

Except in *pro se* cases in which unique rules will apply, jury questionnaires will be available for review by counsel at the clerk's office on the Friday before trial after 2:00 p.m. Alternatively, the court will use electronic means (provided by the case manager or clerk's office) to provide access to juror questionnaires, often starting 9:00 a.m. the Friday before trial until 12:00 p.m. Saturday. In that event, notwithstanding the protections built into the software platform, counsel may not photograph or reproduce the questionnaires in any way. Copies of the jury questionnaires will also be available to counsel during jury selection on the first day of trial. The jury questionnaires will be retrieved from counsel by the courtroom case manager after jury selection has been completed.

If the parties anticipate needing daily or expedited transcripts or real-time reporting during trial, they must contact the court reporter the week before trial so that the court reporter may make

appropriate arrangements. The parties are encouraged to look for updates to the court's trial practices by general order and as posted online.

**A.** **Summary of Deadlines.**

    1. *At least 28 days before the final pretrial conference*, the parties must exchange among counsel only (*i.e.*, not file with the court):

        (a) witness lists [*infra* ¶ B] and any proposed deposition excerpts [*infra* ¶ G];

        (b) exhibit lists and exhibits (excluding demonstrative exhibits) [*infra* ¶ C(1)]; and,

        (c) contentions of the parties.

    2. *At least 21 days before the final pretrial conference*, the parties must exchange among counsel only (*i.e.*, not file with the court):

        (a) objections to witnesses [*infra* ¶ B], including any objections to portions of depositions or under Fed. R. Civ. P. 32(a) to use of such testimony [*infra* ¶ G];

        (b) objections to exhibits (excluding demonstrative exhibits) [*infra* ¶ C(2)]; and,

        (c) agreed proposed jury instructions [*infra* ¶ E].

    3. *At least 14 days before the final pretrial conference*, the parties must serve and file the following materials:

        (a) evidentiary objections or motions to exclude another party's expert witness, unless required to be filed sooner by separate order in the case [*infra* ¶ B(2)];

        (b) plaintiff's trial brief [*infra* ¶ D];

        (c) agreed jury instructions, other unagreed proposed jury instructions, verdict forms, and *voir dire* questions, and submit via email to chambers [*infra* ¶ E];

        (d) motion *in limine* [*infra* ¶ F];

        (e) deposition designations [*infra* ¶ G]; and,

        (f) proposed final pretrial order [*infra* ¶ H].

    4. *At least 7 days before the final pretrial conference*, the parties must serve and file the following materials:

        (a) opposing parties' trial briefs [*infra* ¶ D];

        (b) objections to proposed jury instructions, verdict forms, and *voir dire* questions [*infra* ¶ E(4)]; and,

        (c) response to motion *in limine* [*infra* ¶ F].

5. *On or before 5:00 p.m. (all times ET) the Wednesday before trial*, the parties must provide to court chambers and ensure opposing counsel has the following materials:

        (a) exhibit binders and flash drive of exhibits in separate PDFs [*infra* ¶ C(3)];

        (b) exhibit list for case manager [*infra* ¶ C(5)];

        (c) updated witness lists [*infra* ¶ B(3)]; and,

        (d) any demonstrative exhibits [*infra* ¶ C(6)] (with any objections due the Thursday before trial by noon).

**B.**    **Witnesses.**

1. *Fact Witnesses*. Consistent with Fed. R. Civ. P. 26(a)(3), the pretrial order must set forth the names, addresses, telephone numbers, and occupations of all witnesses any party intends to call at trial. The parties must identify whether each witness is expected to be called as a witness during a party's case-in-chief, live or by deposition, and whether the witness is listed merely to provide notice that the person may be called as a rebuttal or impeachment witness. No separate list need be filed for non-expert witnesses; the list must be included within the proposed final pretrial order. Parties who have not identified their witnesses, including with the ordered particularity, will be precluded from offering the same at trial, except for good cause.

2. *Expert Witnesses*. The parties must have disclosed expert witnesses—those intended to offer opinion testimony under Fed. R. Evid. 702-704—in accordance with Fed. R. Civ. P. 26(a)(2) and the Fed. R. Civ. P. 16(b) scheduling order. Any objections to such an opinion witness, whether directed to the witness's qualifications, the foundation for the anticipated testimony, or otherwise, must be filed at least 14 days before the final pretrial conference, unless the court orders the earlier submission of objections or motions, including under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in which case that order will control. Failure to file such objections will be deemed a waiver of any objection to such opinion testimony outlined in the statement filed by the witness's proponent.

3. *Final Witness List*. By 5:00 p.m. the Wednesday before trial, the parties must provide to chambers an updated witness list that identifies those witnesses counsel then reasonably anticipate calling the following week. This list is designed to assist the court and counsel with trial readiness; it doesn't preclude a party from calling a witness otherwise listed in the final pretrial order; it likewise isn't permission to add witnesses not in the final pretrial order.

    4.    *Daily Meet & Confer*. Counsel must meet and confer the day before trial starts and each day of trial thereafter to disclose the witnesses to be called the following day of trial to ensure that the parties are prepared and each trial day is efficiently utilized.

**C.    Exhibits.**

    1.    *Disclosure*. At least 28 days before the final pretrial conference, the parties must exchange lists of all exhibits (except demonstratives) that may be introduced in evidence at trial, by appropriate description and Bates number; and, to the extent that the exhibits are not readily identifiable by Bates number and in the opposing party's possession already, the parties must assemble and produce each exhibit. Any exhibit not disclosed at that time cannot be used at trial for any purpose other than impeachment or refreshing recollection. Relief from this prohibition will be afforded only upon a showing that the need for the exhibit could not reasonably have been foreseen by the time fixed for its disclosure here; even then, disclosure of the exhibit to all other parties and the court is required as soon as the need for the exhibit is known. This requirement adds to the disclosure obligations of Fed. R. Civ. P. 26(a)(3).

    2.    *Objections*. Written objections, due to be exchanged among counsel 21 days before the final pretrial conference, must be supported with appropriate memoranda citing points, rules, and other authorities specific to each exhibit to which an objection is made (no *en masse* objections). Consistent with Fed. R. Civ. P. 26(a)(3)(B), an objection not made and supported at this time is waived unless later made under Fed. R. Evid. 402 or 403 or unless excused for good cause. The objections must be included alongside the exhibits one-by-one in the final pretrial order.

    3.    *Trial Binders & Flash Drives*. Copies of all exhibits must be electronically scanned and assembled hard-copy into binders. The parties must jointly produce one set of binders *and* one flash drive for the court containing all the parties' exhibits, unless excused for good cause. The exhibits must be identified by number (not letter). The exhibits must be separated by dividers within the binders and separately identified by number when saved in electronic format (PDF). The parties may cooperate to create an appropriate numbering scheme—*e.g.*, plaintiff taking numbers 1-100, and separate defense exhibits starting at 101-200—or preferably the parties will cooperate to create a joint exhibit list, appreciating that objections have been preserved, so that the court has but one set of exhibit binders. The parties ideally have created this numbering system at the beginning of the case so that exhibits in deposition correspond to exhibit designations at trial. The trial exhibit binders and flash drive must be provided to court chambers the Wednesday before the trial by 5:00 p.m.

    4.    *Presentation*. The court highly recommends use of its digital exhibit display system (ELMO) in questioning witnesses about exhibits. Counsel may alternatively produce an exhibit binder with the original exhibits for the witnesses.

    5.    *Exhibit List*. Each side must prepare a list of its exhibits and submit this list of exhibits to the courtroom case manager the Wednesday before trial by 5:00 p.m. An additional binder of exhibits and flash drive need not be prepared for the courtroom case manager.

      6.    *Demonstrative Exhibits.* The court strongly encourages parties to prepare and exchange demonstrative and illustrative exhibits before the final pretrial conference, consistent with the schedule for other exhibits so there is enough time for the parties to formulate objections for the court to address these issues at the conference. However, appreciating that these exhibits often are not finalized until the eve of trial, the court orders these exhibits to be submitted in binders and electronically with the remainder of exhibits to court chambers the Wednesday before trial by 5:00 p.m. Objections to demonstrative exhibits must be filed with the court the Thursday before trial by noon. Additional or modified demonstrative exhibits will not be allowed at trial absent good cause.

**D.**    **Trial Briefs.**

    1.    *Substance.* Trial briefs must be filed and served on all other parties. A trial brief must identify the issues to be tried; the elements of the claims; anticipated evidence or testimony in support of claims or defenses; questions of admissibility; any other legal issues reasonably anticipated to arise at trial; and any other information believed helpful to the court. Opening briefs must not exceed 35 pages unless approved by the court for good cause.

    2.    *Timing.* The plaintiff's trial brief must be filed at least 14 days before the final pretrial conference. Response briefs must be filed at least 7 days before the final pretrial conference. No other briefs are permitted without advance leave of court.

**E.**    **Jury Instructions, Verdict Forms, and *Voir Dire*.**

    1.    *Voir Dire.* The court will conduct the bulk of *voir dire*; but, in appropriate cases, and at the request of the parties, the court will permit a designated time for attorney-conducted *voir dire*. Proposed *voir dire* questions must be filed 14 days before the final pretrial conference and submitted via email to chambers.

    2.    *Jury Instructions.* Counsel must confer about jury instructions before the deadline for submission to the court; such discussion may allow all counsel to prepare fewer proposed instructions, saving attorney time, client expense, and court time.

        a.    *Agreed Jury Instructions.* Counsel must confer and create a list of joint or agreed jury instructions 21 days before the final pretrial conference. Counsel are urged to consult the Seventh Circuit's Pattern Civil Jury Instructions and other pattern state jury instructions, as applicable.

        b.    *Court's Standard Jury Instructions.* The court's standard instructions on burden of proof, credibility of witnesses, deliberations, and other subjects are attached to this order. Do *not* resubmit these instructions to the court, even as agreed instructions.

        c.    *Unagreed Jury Instructions.* The parties may propose other jury instructions that aren't agreed upon or within the court's standard instructions.

       d.    *Timing.* The parties must file all jury instructions 14 days before the final pretrial conference, with the parties indicating which instructions are agreed and which are not. Whether agreed or not, each proposed jury instruction must include its source or supporting authority, specifying any modification that might have been made to an otherwise pattern instruction.

3. *Verdict Form.* The parties are strongly encouraged to submit a joint verdict form. This proposed verdict form must be filed and submitted to chambers electronically 14 days before the final pretrial conference.

4. *Objections.* Any written objections to jury instructions, verdict forms, or *voir dire* questions proposed by other parties must be filed at least 7 days before the final pretrial conference. The parties must preserve any claim of error under Fed. R. Civ. P. 51.

5. *Supplemental Instructions.* Any party who finds it necessary to file additional requested instructions due to the development of unforeseeable or unanticipated issues, must inform the court and opposing counsel as soon as possible.

6. *Electronic Submission.* In addition to filing, proposed jury instructions, verdict forms, and *voir dire* must be submitted in Word format (not PDF) via email to chambers (leichty_chambers@innd.uscourts.gov).

F. **Motion *in Limine*.**

1. *Meet & Confer.* Parties must confer before filing any motion *in limine* to determine whether agreement exists or whether the subject matter will be contested. Counsel may make a record of agreements at the final pretrial conference. Only contested issues may be included in a motion *in limine*. The court expects a meaningful conference among counsel to avoid kitchen-sink motions *in limine* and the need to raise issues with the court that skilled trial counsel typically work out.

2. *Motion.* Any motion *in limine* must be filed at least 14 days before the final pretrial conference, together with appropriate memoranda citing points and authorities. A party may raise as many contested issues in a motion *in limine* as the case makes appropriate, albeit only in a single filing (*i.e.*, don't file multiple and separate motions for each issue). Oral motions *in limine* will be allowed only for good cause. Motions must identify the evidence at issue with specificity.

3. *Response.* Any response to a motion *in limine* must be filed at least 7 days before the final pretrial conference. To the extent agreement has been reached after the motion's filing, the response must state that there is no objection to granting any part of a motion *in limine*.

G. **Depositions.**

1. *Designations & Objections.* Other than for impeachment, the parties must exchange deposition designations 28 days before the final pretrial conference to facilitate any

        counter-designations and objections to be made 21 days before the final pretrial conference (same time as objections to other witnesses and exhibits).

    2.    *Transcripts.* At the time of filing the proposed final pretrial order, transcript portions of any deposition testimony designated for trial must be emailed to chambers. Each transcript must be highlighted as follows: (a) yellow representing any designations or counter-designations to which no party has objection; and (b) light green representing any designations or counter-designations to which a party has an objection. The parties must file one joint chart or other organized memorandum 14 days before the final pretrial conference that identifies each objected excerpt by page and line numbers and immediately following that citation concisely states the parties' respective arguments for or against that excerpt's use at trial, with authorities. Other than designating witnesses as live or deposition calls for trial, these objections need not be replicated in the final pretrial order.

**H.    Final Pretrial Order.**

    1.    *Substance.* The final pretrial order must comply with governing federal and local rules as supplemented here. The final pretrial order must contain a statement of jurisdiction, issues to be tried that include any claims or defenses, factual and legal contentions of the parties, stipulations, witness lists, exhibits lists with objections, and the anticipated length of trial.

    2.    *Timing.* The final pretrial order must be filed 14 days before the final pretrial conference, unless otherwise ordered. In the event a trial date is continued, and the prior court-ordered deadline for submission of the final pretrial order hasn't been reset, then the parties must file it 14 days before the final pretrial conference.

SO ORDERED.

March 7, 2023                                       *s/ Damon R. Leichty*
                                                     Judge, United States District Court

FINAL CIVIL JURY INSTRUCTIONS

1.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Civil Jury Instruction 1.01 (2017).**

2.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Civil Jury Instruction 1.27 (2017).**

3.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Seventh Circuit Federal Civil Jury Instruction 1.04 (2017).**

4.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.11 (2017), modified.**

5.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence of the fact that it is raining could be testimony from a witness who says, "I was just outside, and I saw it raining." Circumstance evidence of the fact that it is raining could be observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Civil Jury Instruction 1.12 (2017), modified.**

6.

Certain things are not to be considered as evidence. I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my ruling that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Civil Jury Instruction 1.06 (2017).**

7.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have;

the witness's intelligence; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.13 (2017).**

8.

Upon retiring to the jury room, select one of your number as your presiding juror. The presiding juror will preside over your deliberations and be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read].

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Civil Jury Instruction 1.32 (2017), modified.**

9.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Seventh Circuit Civil Jury Instruction 1.33 (2017).**

10.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Civil Jury Instruction 1.34 (2017).**

11.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media—such as the telephone, a cell phone, smart phone, iPhone, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, Google+, or Twitter—to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdicts. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or

inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. This would unfairly and adversely impact the judicial process.

**U.S. Judicial Conference Comm. on Court Admin. and Case Mgmt., Proposed Model Jury Instruction on Use of Electronic Technology to Conduct Research or Communicate about a Case (June 2012), modified.**